IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DEXTER ALLEN, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:09-CV-48(CDL) |
| ELBERT COUNTY, DEPUTY S. SCHULTZ, Individually, and DEPUTY DAVID CLEVELAND, Individually, | * * | |
| | * | |
| Defendants. | * | |

O R D E R

Defendants seek an order compelling Plaintiff to provide full and complete responses to their first interrogatories and first requests for production of documents. Defendants also seek attorney's fees incurred in connection with filing their motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Defendants further seek an order compelling Plaintiff to complete and return a medical authorization form which would allow Defendants to obtain Plaintiff's medical records. For the following reasons, Defendants' Motion to Compel Discovery (Doc. 18) is granted.

**I.  Motion to Compel Written Discovery**

On June 3, 2009, counsel for Defendants served Plaintiff with Defendant David Cleveland's First Interrogatories to Plaintiff, Defendant David Cleveland's First Request for Production of Documents to Plaintiff, Defendant Elbert County's First Interrogatories to Plaintiff, Defendant Elbert County's First Request for Production of

Documents to Plaintiff, Defendant S. Schultz's First Interrogatories to Plaintiff, and Defendant S. Schultz's First Request for Production of Documents to Plaintiff.  (Dempsey Decl. ¶ 2, July 20, 2009.) Plaintiff's responses were due on July 6, 2009, but Defendants have not received responses from Plaintiff.  (*Id.* ¶ 3.)

On July 10, 2009, Defendants' counsel sent a letter to Plaintiff's counsel in an attempt to obtain Plaintiff's response to Defendants' June 3, 2009 discovery requests.  (*Id.* ¶ 4; Ex. A to Dempsey Decl.)  After receiving no response to his July 10, 2009 letter, Defendants' counsel again attempted to reach Plaintiff's counsel on July 14 and 15 via telephone and email.  (Dempsey Decl. ¶¶ 5-6; Ex. B to Dempsey Decl.)  Defendants' counsel received no response to either attempt.  (Dempsey Decl. ¶¶ 5-6.)

Given Plaintiff's failure to respond to Defendants' discovery requests, Defendants filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.  Plaintiff did not respond to Defendants' motion to compel.  Therefore, Defendants' motion to compel discovery is granted as unopposed. Accordingly, it is ordered that on or before October 30, 2009, Plaintiff shall fully and completely respond to Defendants' June 3, 2009 discovery requests.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must award the movant's reasonable expenses incurred in making the motion, including

2

attorney's fees, except in certain enumerated circumstances. Accordingly, Plaintiff shall pay the expenses, including attorney's fees, that Defendants incurred in bringing their motion to compel discovery. Defendants' counsel is ordered to file an affidavit of attorney's fees identifying in detail the hours spent on the motion to compel discovery and the applicable hourly rate(s). The affidavit is due on or before November 2, 2009. Plaintiff may file a response to the affidavit; any response is due on or before November 16, 2009.

**II. Plaintiff's Medical Authorization**

Plaintiff claims that he suffered personal injuries as a result of the allegedly excessive force applied during his second arrest. (Compl. ¶ 43.) Consequently, Defendants seek discovery of Plaintiff's medical records. To that end, on June 3, 2009, Defendants' counsel served subpoenas for Plaintiff's medical records upon Elbert Memorial Hospital. (Dempsey Decl. ¶ 7.) Elbert Memorial Hospital informed Defendants' counsel that, due to the content of Plaintiff's medical records, it could not produce the records without Plaintiff's written authorization. (*Id.* ¶ 8.) On June 29, 2009, Defendants' counsel sent the medical authorization form furnished by Elbert Memorial Hospital to counsel for Plaintiff, requesting that it be completed and returned. (*Id.* ¶ 9.) Plaintiff has not responded to Defendants' request. (*Id.*)

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

3

to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Here, Plaintiff stated a claim for personal injuries in his Complaint. Since Plaintiff put his physical health in issue, Defendants are entitled to discover Plaintiff's medical records. Defendants' counsel has formally sought those records via subpoena and now requires Plaintiff's written authorization to obtain them. Therefore, Plaintiff is ordered to execute and return by October 30, 2009, the written medical authorization tendered by Defendants' counsel with respect to Plaintiff's medical records within the custody of Elbert Memorial Hospital.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Discovery (Doc. 18) is granted. On or before October 30, 2009, Plaintiff shall (1) fully and completely respond to Defendants' June 3, 2009 discovery requests, and (2) execute and return the written medical authorization tendered by Defendants' counsel with respect to Plaintiff's medical records within the custody of the Elbert Memorial Hospital. Defendants are entitled to their expenses incurred in bringing their motion to compel. Defendants' counsel shall file an affidavit of its expenses, detailing the hours spent on the motion and the applicable hourly rate(s), by November 2, 2009. Plaintiff

4

shall file any response to the affidavit by November 16, 2009. Plaintiff is notified that failure to comply with today's Order could result in additional sanctions being imposed upon Plaintiff, including dismissal of Plaintiff's Complaint.

    IT IS SO ORDERED, this 19th day of October, 2009.

                                        S/Clay D. Land
                                              CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE