```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

DEXTER ALLEN,                           *

    Plaintiff,                        *

vs.                                     *

                                            CASE NO. 3:09-CV-48 (CDL)

ELBERT COUNTY, DEPUTY S.                *
SCHULTZ, Individually, and
DEPUTY DAVID CLEVELAND,                 *
Individually,
                                        *
    Defendants.
                                        *

## O R D E R

Plaintiff and his attorney continue to ignore their discovery obligations—this time willfully failing to comply with the Court's order compelling Plaintiff to provide full discovery. This sanctionable conduct warrants the granting of Defendants' presently pending Motion for Sanctions (Doc. 24), including the dismissal of Plaintiff's Complaint.

The Court previously granted Defendants' motion to compel discovery, to which Plaintiff never bothered to respond, and found that Defendants were entitled to recover their attorney's fees. *Allen v. Elbert County*, No. 3:09-CV-48 (CDL), 2009 WL 3418167, at *1 (M.D. Ga. Oct. 19, 2009). The Court ordered Plaintiff to produce the requested discovery materials and also notified Plaintiff of the consequences of failing to comply with the Court's order: "Plaintiff is notified that failure to comply with today's Order could result in

additional sanctions being imposed upon Plaintiff, including dismissal of Plaintiff's Complaint." (*Id.* at *2.)

Defendants' counsel subsequently filed an affidavit establishing the attorney's fees incurred as a result of having to file the previous motion to compel. (Dempsey Aff., Nov. 2, 2009.) That affidavit established those fees to be $1,517. (*Id.* ¶ 5.) Plaintiff did not respond to this affidavit. Moreover, Plaintiff never produced the discovery required by the Court's previous order. Perhaps as astonishing, Plaintiff's counsel did not even bother to file a response to Defendants' present motion for sanctions.

Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to obey an order to provide or permit discovery, the Court may sanction that party by dismissing the action and by requiring the party and/or his attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to obey the order. Fed. R. Civ. P. 37(b)(2)(A)(v) & (C). Federal Rule of Civil Procedure 41(b) also authorizes a district court to dismiss a complaint for failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

The Court has "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Gratton*, 178 F.3d at 1374 ("The district court also has broad authority under Rule 37 to

control discovery, including dismissal as the most severe sanction."). A district court may sanction the disobedient party by dismissing his complaint if there was "a willful or bad faith failure to obey a discovery order" and "less drastic sanctions would not ensure compliance with the court's orders." *Malautea*, 987 F.2d at 1542; *see also Gratton*, 178 F.3d at 1374 ("Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice.").

Here, the Court finds that Plaintiff's failure to comply with his discovery obligations was willful. Plaintiff ignored Defendants' repeated efforts to obtain discovery, and Plaintiff ignored the Court's order compelling his responses to Defendants' discovery requests. The Court further finds that sanctions less drastic than dismissal would not ensure compliance with the Court's orders. Plaintiff has already ignored the Court's order compelling his responses to Defendants' discovery requests, and Plaintiff ignored Defendants' motion for sanctions. Accordingly, the Court dismisses Plaintiff's Complaint with prejudice.

The Court further finds that Plaintiff and his counsel, Clarence V. Long, should pay Defendants' reasonable expenses, including attorney's fees, incurred by Defendants in bringing their motion for sanctions. Fed. R. Civ. P. 37(b)(2)(C). Defendants' recovery of these expenses shall be in addition to the $1,517 incurred by

3

Defendants in filing the previous motion to compel, which amount the Court finds was reasonable and necessary.  Defendants' counsel is ordered to file an affidavit in support of the amount of attorney's fees incurred in having to file the present motion for sanctions, identifying in detail the hours spent on the motion for sanctions and the applicable hourly rate(s).  The affidavit is due on or before February 16, 2010.  Plaintiff may file a response to the affidavit; any response is due on or before March 2, 2010.

IT IS SO ORDERED, this 2nd day of February, 2010.

 S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE